IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TONY SCOTT, JR. and TONY SCOTT, SR. (an individual parent and legal guardian of Tony Scott, Jr.), | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:20-CV-558 |
| THE CITY OF DURHAM, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge

Tony Scott Jr. and his father Tony Scott Sr. have sued the City of Durham, the Durham Police Department, and Durham police officers Michael McGlasson and Cornell Richards for injuries stemming from the search, use of force, and arrest of Mr. Scott Jr. on January 23, 2019. All claims against the Police Department will be dismissed, as it is not a legal entity subject to suit. The motions for judgment on the pleadings will be granted as to all claims against Mr. McGlasson and Mr. Richards in their official capacities, which are duplicative of the claims against the City of Durham, and granted as to the § 1981 claim to extent it asserts a cause of action for violation of the plaintiffs' rights to enter into and enforce contracts. The motions will otherwise be denied.

**I. Standard**

The same standard applies to a motion for judgment on the pleadings as to a motion to dismiss for failure to state a claim. *See, e.g., Burbach Broad. Co. of Del. v.*

*Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). The plaintiffs' pleadings "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court thus accepts the plaintiffs' allegations as true for purposes of resolving the pending motions.

For the most part, the Court will reference the plaintiffs' claims by the count numbers and titles used in the amended complaint, Doc. 20, and will address the issues in the order presented in the defendants' briefs. Docs. 30, 33.

## II. Claims Against the Durham Police Department.

"[T]he capacity of a governmental body to be sued in federal court is governed by the law of the state in which the federal court is located." *Fisher v. Winston-Salem Police Dep't*, 28 F. Supp. 3d 526, 534 (M.D.N.C. 2014); *see* Fed. R. Civ. P. 17(b)(3). "Under North Carolina law, a police department is not an independent legal entity with the capacity to sue and be sued." *Townsend v. City of Fayetteville*, No. 5:13-CV-195-FL, 2013 WL 2240996, at *1 (E.D.N.C. May 21, 2013); *accord, e.g., Cates v. Sandoval*, No. 1:20CV200, 2020 WL 5665537, at *7 (M.D.N.C. Sept. 23, 2020); *see also Wright v. Town of Zebulon*, 202 N.C. App 540, 543, 688 S.E.2d 786, 789 (2010) (noting that "[i]n North Carolina there is no statute authorizing suit against a police department.").

It is well established that the Durham Police Department does not have the capacity to be sued. The plaintiffs' claims are appropriately brought against the legal entity operating the police department, the City of Durham. *See* N.C. Gen. Stat. § 160A-11 (2019). All claims against the Durham Police Department will be dismissed.

### III. Claims Against the City of Durham and Officer McGlasson.

#### A. Count Six: Fourth Amendment Search and Seizure

The defendants contend this claim is duplicative of Count One. While there is some overlap and both concern Fourth Amendment violations, the claims are not completely duplicative. The motion as to this claim will be denied.

#### B. Count Ten: Negligent Infliction of Emotional Address

The defendants point out that the plaintiffs have also asserted an intentional infliction of emotional distress claim, *see* Doc. 20 at 29 (Count Nine), and contend that the NIED claim in Count Ten should be dismissed because the intentional conduct alleged does not support a negligence claim. But the plaintiffs are allowed to plead negligent conduct in the alternative to intentional conduct, and the facts alleged, putting aside the repetitive and conclusory rhetorical flourishes, support a plausible inference of negligence at this early stage. The motion for judgement on the pleadings for this claim will be denied.

#### C. Official Capacity Claims Against the Officers

The City contends that to the extent the plaintiffs assert the same claims against Mr. McGlasson and Mr. Richards in their official capacities as they assert against the City of Durham, those claims should be dismissed as duplicative. The plaintiffs make no substantive argument in opposition. Doc. 31 at 11.

The motion will be granted as to the official capacity claims against these officers. The claims against those defendants in their individual capacities are not dismissed and will proceed.

3

### D. Count Four: Abuse of Process

The elements of an abuse of process claim under North Carolina law are "the existence of an ulterior purpose" and, "an act in the use of the process not proper in the regular prosecution of the proceeding." *Barnette v. Woody*, 242 N.C. 424, 431, 88 S.E.2d 223, 227–28 (1955). The defendants challenge the sufficiency of the allegations of the second element, contending that the plaintiffs have not alleged any events occurring after process was issued. But the plaintiffs have alleged a long unexplained passage of time before dismissal of the charges despite video evidence of innocence, leading to a plausible inference that the defendants took wrongful action to keep the charges active.

While *Twombly* and *Iqbal* do not allow a case to go forward with only conclusory allegations and require that a complaint "plausibly suggest an entitlement to relief," *Iqbal*, 556 U.S. at 681, those cases do not say a plaintiff must prove every element of a cause of action in their pleading. *See FDIC v. Baldini,* 983 F. Supp. 2d 772, 785 (S.D.W. Va. 2013). Indeed, *Twombly* explicitly states that a complaint "does not need detailed factual allegations." 550 U.S. at 555. The "plausibility" standard of *Iqbal/Twombly* is thus less demanding than the standard that the plaintiffs will face at summary judgment and trial, and it is not generally necessary to allege facts sufficient to prove each element of a claim if the overall claim is plausible. *See, e.g., Miller v. 3M Co.*, No. 5:12-CV-00620-BR, 2013 WL 1338694, at *2 (E.D.N.C. Apr. 1, 2013) ("a plaintiff is not required to prove his case in the complaint"); *see also Robertson v. Sea Pines Real Est.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or forecast evidence sufficient to prove an element of the claim.") (cleaned up).

4

This is especially true where the facts are not all within the plaintiffs' knowledge, as here. *Bausch v. Stryker Corp.*, 630 F.3d 546, 561 (7th Cir. 2010) ("[A] plaintiff's pleading burden should be commensurate with the amount of information available to them."). Courts do not expect, nor does Federal Rule of Civil Procedure 8 require, plaintiffs to plead information they could not access without discovery. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind*. 786 F.3d 510, 529 (7th Cir. 2015); *see also Twombly*, 550 U.S. at 556 (noting that asking for plausible grounds "does not impose a probability requirement at the pleading stage" and simply calls for enough facts to raise a reasonable expectation that discovery will reveal the necessary evidence); *Vaughn v. Transdev Servs., Inc.*, 179 F. Supp. 3d 559, 564 (E.D.N.C. 2016)

The motion for judgment on the pleadings as to this claim will be denied.

### E. Count Three: § 1981

The plaintiffs appear to assert two bases for liability under § 1981: interference with the right to make a contract, *see* Doc. 20 at ¶ 103, and discriminatory treatment based on Mr. Scott Jr.'s race. Id. 20 at ¶¶ 104, 107. The plaintiffs make no argument in response to the City's motion for judgment on the pleadings for the § 1981 claim to the extent it is based on contract rights. *See* Doc. 30 at 13 (City's argument); Doc. 31 at 12–15 (plaintiffs' argument). They do respond to Mr. Richards's similar argument, Doc. 33 at 20–22 (Richards's argument); Doc. 37 at 14–17 (plaintiffs' response), but their position makes no sense.

To the extent Claim Three asserts a § 1981 cause of action for violation of the plaintiffs' rights to enter into and enforce contracts, the claim will be dismissed.

5

But the allegations are sufficient to state a claim for race-based disparate treatment against the defendants, and this aspect of the § 1981 claim may go forward. The arguments about but-for causation are better evaluated on a developed factual record.

### F. Claim 12: Punitive Damages

The City and Mr. McGlasson assert that the City and the officers in their official capacities are immune from federal and state claims seeking punitive damages. Doc. 30 at 15–16. The plaintiffs offer no substantive argument in opposition. Doc. 31 at 15–16. The cases support the defendants' contention. *See, e.g.*, *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, (1981) (holding that municipalities are "immune from punitive damages under 42 U.S.C. § 1983"); *Harrison v. Chalmers*, 551 F. Supp. 2d 432, 437 (M.D.N.C. 2008) (holding punitive damages are not available against persons sued for § 1983 violations in their official capacities); *Jackson v. Hous. Auth. of City of High Point*, 316 N.C. 259, 262, 341 S.E.2d 523, 525 (1986) (holding municipal corporations are immune from punitive damages absent statutory exception).

To the extent the plaintiffs seek punitive damages from the City or from Mr. McGlasson and Mr. Richards in their official capacities, those claims will be dismissed. The plaintiffs' claims for punitive damages against Mr. McGlasson and Mr. Richards in their individual capacities will proceed.

### G. Count Five: *Monell* Liability of the City of Durham

The City contends that all the federal claims against it must be dismissed for insufficient allegations of an official custom or policy. Doc. 30 at 16–24. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees

6

or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

To the extent the plaintiffs are asserting a failure by the City to train and supervise their employees and agents, the Court agrees that the complaint is insufficient. All the allegations are conclusory and do not assert any specific facts. Nor do the facts alleged give rise to a plausible inference of such failures. As the City accurately says, the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Threadbare assertions are not enough. To the extent the plaintiffs assert § 1981 or § 1983 claims against the City based on a failure to train or supervise police officers, those claims will be dismissed.[1]

But the plaintiffs' other allegations about a policy or custom are supported by a basic level of factual allegations, and as mentioned earlier, the plaintiffs need not prove their case in the complaint. While perhaps a close question as to some of the alleged policies or customs, Doc. 20 at ¶¶ 132–133, 135, the defendants' arguments, which are not specifically directed to the remaining categories of policies and violations identified by the plaintiffs, are better addressed in the context of a developed factual record. If and when summary judgment motions are filed or the case is tried, the plaintiffs' evidence—

---

[1] In a suit brought against a state actor, § 1983 is the exclusive federal remedy for a violation of the rights guaranteed in § 1981. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989). Just as with a § 1983 claim, there is no *respondeat superior* liability for § 1981 violations. *Id.*

and legal argument—will need to be more specific as to the custom or policy underlying each alleged constitutional violation.

IV. Claims Against Officer Richards

A. Wrongful Arrest

Mr. Richards contends that the plaintiffs have not alleged facts giving rise to a plausible claim that his actions violated Mr. Scott Jr.'s Fourth Amendment rights. The motion will be denied, as the amended complaint and the answers provide the basic level of factual allegations required to support this claim.

The plaintiffs have alleged that Mr. Richards spoke only with Mr. McGlasson before seeking the arrest warrant, and that he did not speak with other witnesses. Doc. 20 at ¶ 38. While the plaintiffs alleged that Mr. Richards did not look at the store video before seeking the arrest warrant, Mr. Richards and the other defendants say in their answer that he did look at the video, *see* Doc. 21 at ¶ 39 (denying allegation at Doc. 20 at ¶ 39, that Mr. Richards did not view the video), and the plaintiffs have alleged that the video affirmatively shows that Mr. McGlasson assaulted Mr. Scott Jr., not the other way around. Doc. 20 at ¶ 37.

There are, as Mr. Richards points out, a several facts alleged that do not support the plaintiffs' claim against him. But a review of the cases addressing these failure-to-investigate claims shows that they are typically evaluated at summary judgment or at trial, when the factual record is more fully developed, not based on the complaint and the answer. *See, e.g., Savage v. Cnty. of Stafford, Va.*, 754 F. Supp. 2d 809 (E.D. Va. 2010), aff'd sub nom. *Savage v. Sturdivant*, 488 F. App'x 766 (4th Cir. 2012); *Torchinsky v.*

8

Case 1:20-cv-00558-CCE-JLW   Document 41   Filed 08/27/21   Page 8 of 11

*Siwinski*, 942 F.2d 257 (4th Cir. 1991); *Wadkins v. Arnold*, 214 F.3d 535 (4th Cir. 2000); *Clipper v. Takoma Park, Md.*, 876 F.2d 17 (4th Cir. 1989).

There are some facts alleged and admitted that support the plaintiffs' Fourth Amendment wrongful arrest claim against Mr. Richards, and the defendants' arguments are better evaluated on a more complete factual record. The motion will be denied.

### B. Public Official Immunity

Mr. Richards contends that the state law claims against him should be dismissed based on public official immunity. Doc. 33 at 13. But as he acknowledges, case law indicates that malice can be inferred from a lack of probable cause, *see White v. City of Greensboro*, 408 F. Supp. 3d 677, 705 (M.D.N.C. 2019), and if he watched a video that showed Mr. Scott Jr. did not assault Mr. McGlasson but nonetheless thereafter obtained a warrant by presenting to the Magistrate Judge only Mr. McGlasson's patently false assertions, malice might be a fair inference, nothing else appearing.

The motion will be denied without prejudice to a summary judgment motion.

### C. Qualified Immunity

Mr. Richards contends that he is entitled to qualified immunity because it was not clearly established at the time that reliance on information from another police officer without further investigation was inappropriate. Doc. 33 at 19. But there are other alleged facts and admissions in the answer, and this one fact is not viewed in a vacuum. Mr. Richards says in his answer that he watched the video of events in the store before he sought the warrant, and the plaintiffs allege that the video clearly shows that Mr. McGlasson assaulted the minor plaintiff without justification.

9

At this point, the Court must assume the truth of the facts alleged by the plaintiffs, and it has long been established that police officers cannot deliberately or recklessly include false material statements or exclude materials facts in an application for a warrant with the intent to mislead the magistrate. *See, e.g., Franks v. Delaware*, 438 U.S. 154, 165 (1978) (search warrant); *Miller v. Prince George's Cnty., Md.*, 475 F.3d 621, 627 (4th Cir. 2007) (arrest warrant); *Rhodes v. Smithers*, 939 F. Supp. 1256, 1273–74 (S.D.W. Va. 1995) (discussing well-established duty of a police officer to disclose exculpatory evidence to prosecutor making an independent assessment of probable cause), *aff'd*, 91 F.3d 132 (4th Cir. 1996). A video that conclusively shows the opposite of the account given by a person claiming to be a victim is obviously material. *See generally Savage*, 754 F. Supp. 2d at 815–16.

The motion will be denied without prejudice to a summary judgment motion.

### D. Count Three: § 1981

For reasons previously discussed, *supra* at § III.E., the § 1981 claim against Mr. Richards will be dismissed to the extent it is based on a violation of the plaintiffs' rights to enter into and enforce contracts and will otherwise be denied.

### E. Claim 12: Punitive Damages

Mr. Richards points out that punitive damages are not a cause of action and asks that Claim 12, which is directed towards punitive damages, be dismissed. The claims against Mr. Richards and Mr. McGlasson in their official capacity are otherwise being dismissed, *see supra* at 3; this includes the claim for punitive damages. *See supra* at 6.

10

Otherwise, dismissal is unnecessary. While Mr. Richards is correct that a claim for punitive damages is not a cause of action, it is a demand that must be alleged, and dismissal might inaccurately indicate that the plaintiffs cannot seek punitive damages against Mr. Richards in his individual capacity. The plaintiffs' request for punitive damages will proceed against Mr. Richards in his individual capacity and the motion is denied to this extent.

It is **ORDERED** that the motions for judgment on the pleadings, Docs. 29 and 32, are **GRANTED in part and DENIED in part**, as follows:

1. All claims against defendants Michael McGlasson and Cornell Richards in their official capacities only are **DISMISSED** as duplicative of the claims against the City of Durham;

2. All claims against the Durham Police Department are **DISMISSED.**

3. Claim Three is **DISMISSED** to the extent it asserts a § 1981 cause of action for violation of the plaintiffs' rights to enter into and enforce contracts, but to the extent Claim Three asserts a § 1981 cause of action for race-based disparate treatment that claim will proceed.

4. The motion is otherwise **DENIED**.

This the 27th day of August, 2021.

_____
UNITED STATES DISTRICT JUDGE

11